314 F.2d 883
 Richard Eugene SIRES, Appellant,
v.
The STATE OF WASHINGTON et al. and B. J. Rhay, Superintendent Washington State Penitentiary, Walla Walla, Washington, and The Board of Prison Terms and Paroles, Harris G. Hunter, Chairman, Olympia, Washington, Appellees.
 No. 18362.
 United States Court of Appeals Ninth Circuit.
 March 13, 1963.
 Rehearing Denied April 30, 1963.
 
 Richard Eugene Sires, in pro. per.
 No appearance for appellees.
 Before ORR, BARNES and HAMLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Eugene Sires, in custody under a state court judgment at Washington State Penitentiary, applied to the United States District Court, Eastern District of Washington, for a writ of habeas corpus. He also filed in the same court a petition for a preliminary injunction, to restrain the Board of Prison Terms and Paroles of that state from revoking his parole. The habeas corpus matter was docketed in the district court as Civil No. 1757 and, at petitioner's request, the injunction matter was separately docketed as Civil No. 1797.
 
 
 2
 The district court denied, without hearing, the petition for a preliminary injunction. Sires has appealed. Appellees have made no appearance in this court.
 
 
 3
 Neither appellant's petition for a preliminary injunction, nor his brief in this court, state any facts from which it can be ascertained that the Board of Prison Terms and Paroles has taken, or is threatening to take, any action adverse to appellant. There are only general allegations, and these only by inference, that the Board is, or is threatening to "ignore" certain statutes and constitutional provisions of the State of Washington, and is, or is threatening to "exceed" its authority under the statutes and constitution of that state.
 
 
 4
 Moreover, appellant has failed to allege any facts or advance any contentions which would give the district court jurisdiction to entertain his petition for a preliminary injunction. Where a district court has jurisdiction of a cause it may, under some circumstances, grant an injunction, preliminary injunction or temporary restraining order. But where there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction. Statutes relating to the authority of the federal courts to grant injunctions in proper cases do not confer subject-matter jurisdiction. They pertain only to the power to grant such relief where a court has subject-matter jurisdiction under some other statute.
 
 
 5
 Appellant has not alleged grounds for federal-question jurisdiction under 28 U.S.C. § 1331. He does not allege that the Board has, or threatens to, violate a provision of the constitution or laws of the United States, but only that its (undisclosed) action is contrary to the statutes and constitution of the State of Washington. We need not decide whether federal-question jurisdiction would have been established if appellant had relied on violations of federal law.
 
 
 6
 The petition for injunctive relief was filed in connection with a habeas corpus proceeding and a federal district court has jurisdiction, under 28 U.S.C. § 2241 et seq., to entertain applications for writs of habeas corpus, filed by state prisoners. But, at appellant's own request, his petition for injunction was disassociated from the habeas corpus proceeding and may not now derive jurisdictional sanction from that proceeding.
 
 
 7
 But even if it could, nothing is stated in the petition which would indicate that any relief appellant may be entitled to in the habeas corpus proceeding may not be fully realized without the granting of a preliminary injunction. The purpose of a habeas corpus proceeding is to obtain release from custody. Appellant does not allege that the granting of a preliminary injunction would result in his release from custody. Assuming that it would have that effect, this is the very relief he would obtain, without such an injunction, if he prevails in the habeas corpus matter. Thus the need of independent injunctive relief is not shown.
 
 
 8
 Since appellant did not allege facts establishing jurisdiction in the district court, or facts stating a cause of action or, in any event, grounds for injunctive relief, the district court did not err in denying the petition for a preliminary injunction.
 
 
 9
 Affirmed.