**Cheryl JEROME, Plaintiff-Appellant,**

**v.**

**VIVIANO FOOD COMPANY, INC., Defendant-Appellee.**

**No. 73-1813.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 5, 1973.

Decided Jan. 10, 1974.

Lutz Alexander Prager, Wayne State University Law School, Detroit, Mich., on brief, for plaintiff-appellant; Paulette LeBost, Irving M. Miller, Detroit, Mich., of counsel.

Jerome Goldman, Cincinnati, Ohio, on brief, for defendant-appellee; Paul H. Tobias, Goldman, Cole & Putnick, Cincinnati, Ohio, of counsel.

Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the denial of a temporary injunction and dismissal of a complaint entered by the United States District Court for the Eastern District of Michigan, Southern Division.

Appellant Jerome sought relief in the District Court before complying with the waiting periods established by the Equal Employment Opportunity Act, 42

U.S.C. § 2000e *et seq.*, (1970). Appellant sought a preliminary injunction after being denied employment by the Viviano Food Company, Inc., because, she claims, she is a woman. She did not await disposition of her complaints before the EEOC and the Michigan Civil Rights Commission, or the issuance of a letter by the EEOC certifying that there was reasonable cause for her to bring suit.[1] 42 U.S.C. § 2000e–5(b), (e), (f)(1) (1970).

The District Judge originally issued a temporary restraining order, but then dismissed it and dismissed the complaint at the same time.

■■ It appeared to our panel that appellant was seeking by case law decision to obviate the statutorily required cooling off and conciliation period set forth in the Equal Employment Opportunity Act. Generally adherence to the time schedule set forth by the Act has been enforced by the courts. In Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the United States Supreme Court said:

"A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief." Love v. Pullman Co., *supra* at 523, 92 S.Ct. at 617.

In Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970), this court held that: "Compliance with the statutory requirements is a prerequisite to the institution of a civil action based on the statute." *Id.* at 704.

Appellant relies strongly upon a Fifth Circuit case decided in 1973, Drew v. Liberty Mutual Insurance Co., 480 F.2d 69 (5th Cir. 1973). There the court approved injunctive relief to maintain the status quo prior to asserted discrimina-

tory discharge where it was alleged that the discharge was occasioned by an equal employment opportunity complaint by the employee. In the instant case there is no existing relationship between the employee and the employer, and monetary damages in the form of back wages can compensate for the injury. These facts serve as valid distinctions in terms of the proofs essential to establish irreparable harm between the instant case and the *Drew* case.

The judgment of the District Court is affirmed.

1. Since 1972 the EEOC has been authorized to institute civil actions against nongovernmental respondents (in which the aggrieved person may intervene) if the Commission has been unable to secure an agreement with the entity charged. 42 U.S.C. § 2000e–5(f)(1) (Supp. 1972).