**Helen G. DONALD**

v.

**Dixy Lee RAY et al.**

**Civ. No. 3–74–14.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 31, 1974.

Edward L. Summers, Stone & Bozeman, Knoxville, Tenn., for plaintiff.

Robert Simpson, Asst. U. S. Atty., Knoxville, Tenn., Kenneth D. McCas-

land, Sr., Chief Counsel, Atomic Energy Commission, Oak Ridge, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is the second case that has arisen in Oak Ridge in the last thirty days. The other case involved a charge of age discrimination against the Union Carbide Corporation, which is closely related to the Atomic Energy Commission at Oak Ridge. The case presently under consideration involves alleged discrimination on account of sex.

Plaintiff seeks an order of this Court declaring that defendants' termination of her services without a full and fair hearing violated her constitutional rights under the Fifth Amendment of the Federal Constitution as well as her statutory rights. She further requests the Court to enjoin defendants from proceeding with its termination of plaintiff's employment at its Oak Ridge facility and to issue an order requiring defendants to retain her in active service pending a final determination on her claims.

The Court has heard extended argument from counsel and concludes that the primary issue in this case is whether a preliminary injunction should issue holding matters in status quo until plaintiff exhausts administrative remedies in the AEC and the EEOC or such other administrative bodies to which she may have access. Plaintiff contends that the injunction should issue at this time on the ground that if her services are terminated she will suffer irreparable injury. While such termination was scheduled to be effective today, January 18, 1974, counsel for defendants has advised the Court that this date has been extended to February 1, 1974 in order for plaintiff to confer with AEC officials concerning another position at the headquarters in Maryland.

In that connection, the criteria laid down by courts which have dealt with this subject are as follows: (1) Has the complaining party made a strong showing that she is likely to prevail on the merits of her claim; (2) Has she shown that without such relief she will be irreparably harmed; (3) Would the issuance of an injunction substantially harm other parties interested in the proceeding; (4) Where lies the public interest? These questions must be answered in favor of plaintiff before the Court may issue a stay to protect the status quo pending plaintiff's exhaustion of her administrative remedies. Murray v. Kunzig, 149 U.S.App.D.C. 256, 462 F.2d 871 (1972); Drew v. Liberty Mutual Insurance Company, 480 F.2d 69 (5th Cir. 1973). However, if she fails to satisfy these criteria, an injunction would be inappropriate, and plaintiff would be required to exhaust her administrative remedies prior to coming into this Court. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Jerome v. Viviano Food Company, Inc., 489 F.2d 965 (6th Cir. 1973); Rosenman v. Levbarg, 435 F.2d 1286 (3rd Cir. 1970).

As to the probability of success on the merits of her case, plaintiff alleges the following: She began working with the AEC in 1963 and was denied an in-grade increase in 1970 because her superior told her that the employees "don't like to work for women supervisors." In 1971, she was transferred to an alleged "appendage" position without seniority or other retention rights and in 1972 that position was abolished. She thereupon sought relief from the EEOC and alleges that at that time AEC began to take steps to ultimately terminate her. Specifically, she claims that the AEC placed her in another "appendage" position and in 1973 she was terminated without satisfactory notice and such termination was allegedly based on sex.

It was agreed by counsel that if Ms. Donald were called to testify she would further state that while employed she was not allowed to attend special training sessions that were attended by males in equal positions and was told not to make comments at staff meetings whereas males were free to do so. She would

further testify that she was never taken to site locations for contract reviews and was regularly excluded from organizational charts and telephone directories. Additionally, she would state that her present duties differ from her job description.

Defendants, on the other hand, contend that plaintiff was terminated for lack of funds and that there was no systematic attempt to exclude her because of sex or for any other reason. They further contend that the Oak Ridge facility received orders from AEC headquarters reducing the employment ceiling from some 626 employees to 602 employees. Accordingly the facility was required to reduce the employment forces and it was in compliance with these orders that the indicated action was taken against plaintiff.

Counsel also stated at the hearing that a review was made to determine what staff members had to be terminated and two comparable positions were eliminated. One of these was filled by a male, the other by plaintiff. As previously indicated, plaintiff has been offered a regular appointment at her present grade and will confer with AEC officials before February 1, 1974.

As to the second criteria, plaintiff claims that unless the injunction issues she will lose her employment effective February 1, 1974. In reply, the defendants say that she will receive severance pay as well as other benefits computed under the appropriate statutes and regulations. Additionally, if plaintiff succeeds in her administrative claim, the administrative body has the power to reinstate her with back pay and fringe benefits. Counsel also assured the Court that should the administrative procedures become bogged down not only does the AEC have power to stay a severance upon its own motion, but plaintiff could institute another action in this Court upon expiration of the time limitations under the statute.

The defendants further assert that the AEC will be harmed since an employment ceiling has been established and it does not have sufficient funds to keep the job open.

As to the final criterion, only the Court can assess where public policy lies under the facts and circumstances of this case.

 As previously indicated, counsel for the government announced that plaintiff has been offered another position at AEC headquarters, and that she expects to go to Washington, D. C. immediately to confer with officials there. The Court suggested to counsel that she consider this offer and counsel announced that she would meet with AEC officials before February 1, 1974.

That being the case, the Court will take the matter under advisement and will expect counsel to advise the Court by February 1, 1974 as to the progress, if any, made toward plaintiff's acceptance of this offer.