**Darrel C. NOTTELSON, Plaintiff,**

v.

**A. O. SMITH CORPORATION, a Foreign Corporation, and Smith Steel Workers directly affiliated Local Union 19806, AFL–CIO, Defendants.**

**No. 75–C–220.**

United States District Court,
E. D. Wisconsin.

July 10, 1975.

Lee Boothby, Berrien Springs, Mich., for plaintiff.

Kenneth R. Loebel, Goldberg, Previant & Uelmen, Milwaukee, Wis., for Union.

David C. Sullivan, Legal Dept., A. O. Smith, Milwaukee, Wis., for A. O. Smith.

## DECISION AND ORDER

WARREN, District Judge.

On April 23, 1975, plaintiff Darrel C. Nottelson filed a complaint in federal court seeking temporary or preliminary injunctive relief pending final disposition of certain charges of religious discrimination before the Equal Employment Opportunity Commission (hereinafter "EEOC"). Jurisdiction is premised upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Plaintiff, a member of the Seventh-day Adventist Church, whose historical tenet it is to refrain from membership in and financial support of a labor organization, charges that his employment with defendant A. O. Smith Corporation is in imminent jeopardy of termination because of his determination to withhold payment of union dues in keeping with his religious convictions. In particular, plaintiff alleges that by virtue of the union security provision contained in the collective bargaining agreement now in effect between A. O. Smith Corporation and the defendant union, which provision mandates union membership as a condition of continued employment, the defendants have discriminated against plaintiff with respect to the exercise and discharge of his religious beliefs, in violation of Sections 703(a)(1), 703(c)(1) and 703(c)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), § 2000e–2(c)(1) and § 2000e–2(c)(3).

Following the submission of briefs and argument by all parties, a temporary restraining order was issued by this Court to remain in effect until 1:00 P.M. on May 23, 1975. On the latter date, after further argument and an evidentiary hearing, this Court extended the temporary restraining order until 3:00 P.M. on Tuesday, July 1, 1975. All parties have been afforded ample opportunity to file memoranda of law regarding their respective positions, and to date there exist at least seven such memoranda, the majority of which concern the existence of subject matter jurisdiction in the district court under Title VII of the Civil Rights Act of 1964 to afford a private individual injunctive relief during the pendency of the EEOC determination of his claim, in challenge whereof the defendant union has filed a motion to dismiss plaintiff's action.

Having studied the authorities cited by counsel and having independently researched the jurisdictional issue, this Court is of the opinion that it does not in fact possess the requisite jurisdiction under Title VII to afford plaintiff

preliminary injunctive relief pending the EEOC determination of his charges. The jurisdictional question presented for decision by this Court is whether an individual plaintiff must exhaust his administrative remedies and comply with the provisions of 42 U.S.C. § 2000e–5(f)(1) before commencing a Title VII action for preliminary injunctive relief in federal court. While it appears that the Seventh Circuit Court of Appeals has not ruled on this precise issue, the Court is persuaded by the rationale of other courts which have so ruled and have denied such relief upon the same underlying theory of Title VII jurisdictional requirements as that espoused by the Seventh Circuit.

42 U.S.C. § 2000e–5(f)(1) provides in part as follows:

". . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ."

Commenting upon the jurisdictional prerequisites mandated by this section, the Seventh Circuit Court of Appeals in *Gibson v. Kroger Company*, 506 F.2d 647, 650 (7th Cir., 1974) stated:

"The company contends that Gibson ignored a basic jurisdictional prerequisite to a Title VII civil action by commencing his action prior to the issuance of a right-to-sue notice from the EEOC. The company asserts that the basic jurisdictional prerequisite which Gibson ignored is contained in the . . . language of 42 U.S.C. §

2000e–5(f)(1) . . . . We agree with the company.

"Although Title VII of the Act provides each complainant with an absolute right to bring a civil action in federal court, it is well settled that the administrative remedies available from the EEOC must be 'exhausted,' in the traditional sense of the term, as a prerequisite to the commencement of such action. *Beverly v. Lone Star Lead Const. Corp.*, 437 F.2d 1136, 1139 (5th Cir., 1971), and cases cited therein."

In accord, *see Local 179, United Textile Wkrs. v. Federal Paper Stock Co.*, 461 F.2d 849, 850–851 (8th Cir., 1972). In the instant action, although plaintiff has filed charges with the EEOC, thus satisfying the first jurisdictional prerequisite, he has not received, nor is he yet entitled to receive, a notice of right to sue. Thus, the federal district court would be without jurisdiction to entertain plaintiff's cause of action under Title VII or accord him any relief:

". . . The statute specifies that notice is to be given, and the aggrieved party may institute court action, only (1) if the Commission has dismissed the charge (which it may not do without first conducting an investigation . . .), or (2) if 180 days have elapsed from the filing of the charge or the expiration of any period of reference to a state agency pursuant to § 2000e–5(c) or (d) without the Commission having filed a complaint or entered into a conciliation agreement to which the aggrieved person is a party. . . . Because the Commission has not had a full opportunity to act on plaintiff's grievance, as defined by the above statutory conditions, this court would ordinarily be without jurisdiction to entertain plaintiff's complaint or grant relief of any kind. . . ." *Troy v. Shell Oil Company*, 378 F.Supp. 1042, 1045–1046 (E.D.Mich., 1974).

Nor, in the opinion of this Court, is this situation altered by virtue of the fact

that plaintiff herein seeks only preliminary injunctive relief designed to preserve the *status quo* pending action by the EEOC.

Plaintiff relies essentially upon four decisions in support of his argument that this Court possesses jurisdiction under Title VII to afford him the relief sought herein. The Court finds none of them convincing. In *Bowe v. Colgate-Palmolive Co.*, 272 F.Supp. 332, 338 (S. D.Ind., 1967), aff'd in part and rev'd in part on other grounds, 416 F.2d 711 (7th Cir., 1969), the district court ruled, without any statement of rationale:

".  .  . It would be unrealistic to require an employee whose rights are threatened with irreparable harm to exhaust his remedies before the EEOC prior to seeking injunctive relief from the Court."

This ruling, never discussed by the Seventh Circuit Court of Appeals on review, ignores the remedy provided by 42 U.S. C. § 2000e–5(f)(2):

"(2) Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, *the Commission .  .  . may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. .  .  .* It shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited." (Emphasis added).

Likewise, it was the "unavailability" of such an administrative remedy for obtaining preservation of the *status quo* pending litigation of the merits which prompted the issuance of a preliminary injunction in *Parks v. Brennan*, 389 F. Supp. 790 (N.D.Ga., 1974):

"Contrary to the situation where a private sector employee may obtain interim equitable relief under Section 706(f)(2) through the Equal Employ-ment opportunity [sic] Commission ('EEOC'), the Federal employee filing a complaint with the EEO Counselor or other appropriate agency official obtains administrative review by the very same agency alleged to be the discriminator. The charged party or respondent agency, of course, cannot on the complaining party's behalf seek interim equitable relief against itself. Consequently, if interim relief is to be sought at all, it must be applied for by the individual Federal employee on his own behalf. Hence, the plaintiff has no *available* administrative remedy for obtaining preservation of the *status quo pendente lite.*"

The case of *Drew v. Liberty Mutual Insurance Company*, 480 F.2d 69 (5th Cir., 1973), cert. denied 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239, however, presents different considerations. In *Drew*, the Fifth Circuit Court of Appeals concluded that the ability of the EEOC to seek temporary injunctive relief pursuant to the provisions of 42 U. S.C. § 2000e–5(f)(2) was not exclusive, and that Sandra Drew, a victim of sex discrimination, was entitled to maintain her own action for preliminary injunctive relief pending the EEOC determination of her charge. The rationale by which it arrived at such determination was stated as follows:

"Our reasoning derives from the fact that, prior to the 1972 amendment, it is clear that a victim of such forbidden conduct as was here alleged had a clear right to seek equitable relief without having to await the convenience of the EEOC. The 1964 Act gave no power to the EEOC to bring such an action. However, the right to be free from such discriminatory conduct was expressly spelled out in the Act. Thus, the court would have jurisdiction to fashion an equitable remedy to vindicate the right. *See e. g., Sanders v. Dobbs Houses, Inc.*, 431 F. 2d 1097 (5th Cir., 1970).

"The situation in which Ms. Drew found herself would have been equated

to that of Ms. Sanders in the *Dobbs* case. Ms. Sanders sued under 42 U.S.C. § 1981, one of the 1866 Civil Rights Acts. This Act . . . did not prescribe any remedy. It merely created a right in every person to make and enforce contracts 'as is enjoyed by white citizens.' Yet in *Dobbs* we sustained the right of Ms. Sanders to bring an action in equity in the district court. . . ." *Drew, supra* at 72–73.

As with the United States District Court for the Eastern District of Michigan in *Troy v. Shell Oil Company, supra,* however, this Court's difficulty with the *Drew* rationale arises by virtue of the fact that neither Sandra Drew nor Darrel Nottelson, the plaintiff in the instant action, are in the position of Ms. Sanders in *Sanders v. Dobbs Houses, Inc.,* 431 F.2d 1097 (5th Cir., 1970), cert. denied, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971). Ms. Sanders had commenced an action on the basis of racial discrimination under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. That statute, however, is directed exclusively at discrimination based upon race or alienage and not at sexual or religious discrimination. Consequently, neither Ms. Drew nor Mr. Nottelson possessed any cause of action under 42 U.S.C. § 1981. Their claims instead arise solely by virtue of Title VII, which, unlike 42 U.S.C. § 1981, is not free of procedural burdens. As noted in *Troy v. Shell Oil Company, supra,* at 1047:

"The distinction between a Title VII claim and a claim bottomed on the Civil Rights Act of 1866 is significant. A claimant under the latter is not burdened with the procedural prerequisites of Title VII. Although the kinds of discrimination covered by the two statutes overlap to some extent, the courts have nevertheless refused to hold that the older statute was preempted by Title VII. The remedies they create are independent and unaffected by the other's existence. *See Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413–417, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) . . . . Thus, when discrimination of the type covered by both statutes is involved, relief may be available under § 1981 et seq. which is not available under Title VII because of a failure to exhaust administrative remedies. . . . *But where, as here, the plaintiff can assert no claim under a procedurally unencumbered statute, the readier availability of preliminary relief thereunder is obviously irrelevant.*" (Emphasis added).

It is the conclusion of this Court, therefore, that the readier availability of injunctive relief under 42 U.S.C. § 1981 is irrelevant to any consideration of remedies available to an individual who can maintain no cause of action under § 1981 and should have been rejected by the *Drew* court as such.[1]

Furthermore, at least one court has noted of the *Drew* decision that, in fact, plaintiff Sandra Drew had complied with both jurisdictional prerequisites at the time she sought injunctive relief and has distinguished the decision on that basis:

"The Court is of the opinion that the *Drew* case is distinguishable from the case at bar. In the first place an amended complaint was filed by Drew affirmatively alleging that a right to sue letter had been issued to her by EEOC. Rule 15(c) of the Federal

---

1. Although other courts have sought to distinguish Drew on the basis that Sandra Drew was discharged in retaliation for having filed a complaint with the EEOC, *see e. g., Jerome v. Viviano Food Company, Inc.,* 489 F.2d 965, 966 (6th Cir., 1974) and *Vaughn v. Chrysler Corporation,* 382 F. Supp. 143, 147 (E.D.Mich., 1974), which distinction is also present on comparison with the instant action, that factor is not nearly as critical to the jurisdictional issue at hand. Moreover, having rejected the Drew rationale, there exists no need to entertain any discussion of the decision in *Donald v. Ray,* 377 F.Supp. 986 (E.D.Tenn., 1974), which merely accepts the Drew ruling without comment.

Rules of Civil Procedure provides that whenever an original pleading is amended the amendment 'relates back to the date of the original pleading' and hence the complaint did allege that the EEOC had specifically authorized the action to be brought by Drew. Thus both elements usually considered to be prerequisites to jurisdiction, to-wit: the filing of a charge with the EEOC and the issuance by the EEOC of a 'right to sue letter' were satisfied." *Collins v. Southwestern Bell Telephone Company*, 376 F. Supp. 979, 983 (E.D.Okla., 1974).

■ In any event, lacking jurisdiction over the underlying Title VII cause of action, this Court is without authority to provide preliminary injunctive relief or other temporary relief to the plaintiff:

". . . Where a district court has jurisdiction of a cause it may, under some circumstances, grant an injunction, preliminary injunction or temporary restraining order. But where there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction. . . ." *Sires v. State of Washington*, 314 F.2d 883, 884 (9th Cir., 1963).

*Accord*: *Fort Worth Nat. Corp. v. Federal Savings & Loan Ins. Corp.*, 469 F.2d 47, 54 (5th Cir., 1972); *Fidelity Financial Corp. v. Federal Sav. & L. Ins. Corp.*, 359 F.Supp. 324, 327 (N.D.Cal., 1973) and *Troy v. Shell Oil Co., supra* at 1048.

■ Nor would it avail plaintiff to amend his complaint so as to allege jurisdiction by virtue of the provisions of 28 U.S.C. § 1343 or 28 U.S.C. § 1651(a). Plaintiffs cannot invoke sections 1651(a) and 1343 for the purpose of overriding the specific congressional limitation on jurisdiction contained in 42 U.S.C. § 2000e–5(f)(1). In this regard, the situation herein is analogous to that at issue in *Bland v. McHann*, 463 F.2d 21 (5th Cir., 1972), cert. denied 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700, wherein the Fifth Circuit Court of Appeals determined that although exhaustion of remedies was not generally required in actions under 42 U.S.C. § 1983, where that statute conflicted with 28 U.S.C. § 1341, which provides that district courts may not enjoin, suspend or restrain the assessment or collection of any tax under state law where a plain, speedy and efficient remedy might be had in the state courts, the latter specific congressional limitation on federal jurisdiction would prevail:

"It is well established that § 1341 is an explicit congressional limitation on the jurisdiction of the federal courts in cases which would enjoin, suspend or restrain state tax levy, assessment or collection. Taxpayers seek to circumvent § 1341 by arguing that relief under § 1983 is supplemental and is not limited to any requirement of exhaustion of state remedies. We do not disagree with the general rule that exhaustion is not required in § 1983 cases; however, in this case § 1983 collides full force with a specific congressional limitation on federal jurisdiction. In such circumstances we are convinced that § 1341 must prevail." *Bland, supra* at 24.

Since the jurisdictional prerequisites for court action under Title VII of the Civil Rights Act of 1964 have not been met, this Court is without jurisdiction over plaintiff's cause of action and is thus without authority to accord him preliminary injunctive relief. Plaintiff's request for a preliminary injunction is therefore denied and his complaint is dismissed without prejudice to its reinstatement upon compliance with the provisions of 42 U.S.C. § 2000e–5(f)(1).