**Loyal FEATHERSTONE, Plaintiff,**

v.

**LIBERTY CASH GROCERS, INC., Defendant.**

No. 78–2116.

United States District Court, W. D. Tennessee, W. D.

June 13, 1979.

Floyd Peete, Jr. and Kenny W. Armstrong, Memphis, Tenn., for plaintiff.

William D. Evans, Jr., Memphis, Tenn., for defendant.

## ORDER ON MOTION TO DISMISS

WELLFORD, District Judge.

Plaintiff Loyal Featherstone is a black male resident of Tennessee. Defendant Liberty Cash Grocers, Inc. operates several retail food stores in Memphis, Tennessee, and is an employer subject to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

On July 20, 1977, a charge of discriminatory employment practices at one of defendant's stores was filed on plaintiff's behalf with the Equal Employment Opportunity Commission. Sometime prior to the expiration of 180 days from this filing, plaintiff requested notice of his right to bring a private action under Title VII. Pursuant to special regulations codified at 29 C.F.R. § 1601.28(a)(2), the District Commission Director certified that plaintiff's charge could not be processed within 180 days and issued plaintiff a right to sue within 90 days from January 6, 1978. This action followed.

The Commission's jurisdiction over charges and the private right of action are governed by § 706(f)(1) of Title VII, which provides, in pertinent part:

> [I]f within one hundred and eighty days from the filing of such charge . . the Commission has not filed a civil action under this section or . . . entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent . . . .

42 U.S.C. § 2000e–5(f)(1). Defendant contends that the expiration of at least 180 days before issuance of a right-to-sue notice by the Commission is a statutory prerequisite to the private action, and moves the Court to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure. This motion presents a recurrent yet apparently unsettled problem of statutory construction: whether the 180-day limitation in § 706(f)(1) simply *empowers* the EEOC to retain jurisdiction over a charge for that interval or actually *requires* a 180-day period for administrative resolution in every case.

Legislative history of both the original statutory procedure and improving amendments in 1972 reflects Congress' belief that the Commission can effect a resolution superior to that of private litigation in most cases, despite the agency's substantial backlog of charges. *See, e.g.,* H.Rep. No. 92–238 (June 2, 1971), 1972 *U.S.Code Cong. & Admin.News,* pp. 2137, 2146–47; Sen.Rep. No. 92–415 (Oct. 28, 1971); *McDonnell-Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Much of this legislative history describes the § 706(f)(1) waiting period as mandatory. *See Budreck v. Crocker National Bank,* 407 F.Supp. 635, 640 (N.D.Cal.1976).

The U. S. Supreme Court has at least twice described the private Title VII action as arising only after the 180-day period, albeit in *dicta. Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 458, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Gladstone v. Village of Bellwood,* —— U.S. ——, at —— n. 12, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979), In *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Court construed the 180-day provision as a limitation only upon the private Title VII action and characterized the period as mandatory in that respect:

> The 180-day limitation provides only that this private right of action does not arise until 180 days after a charge has been filed.

432 U.S. at 361, 97 S.Ct. at 2452. Additional language in this opinion further refutes any argument that the Commission may enforce or waive the 180-day limitation according to its own progress in each case:

> [A] complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but . . . he must wait 180 days before doing so.

432 U.S. at 361, 97 S.Ct. at 2452.

Lower courts nevertheless remain divided over whether the Commission may autho-

rize a private action within the statutory period. Some hold that administrative jurisdiction is mandatory for 180 days whether the agency persists in resolution or not. *E. g., Troy v. Shell Oil Co.,* 378 F.Supp. 1042 (E.D.Mich.1974), *appeal dismissed,* 519 F.2d 403 (6th Cir. 1975); *Budreck v. Crocker National Bank, supra ; Scott v. Board of Education,* 18 FEP Cas. 1230 (D.Md.1977); *Jones v. Pacific Intermountain Express,* 10 FEP Cas. 914 (N.D.Cal.1975). One case expressly struck down the Commission's regulation authorizing private suit within the 180-day waiting period, 29 C.F.R § 1601.-28(a)(2), as violative of "obvious Congressional intent." *Loney v. Carr-Lowrey Glass Co.,* 18 FEP Cas. 1243 (D.Md.1978). *See also McGee v. Purolator Courier Corp.,* 430 F.Supp. 1285 (N.D.Ala.1977).

Other cases, however, approve the Commission's practice on the theory that the waiting period becomes futile after termination of agency efforts. *See* Schlei & Grossman, *Employment Discrimination Law,* at 916 (BNA 1976), *and authorities cited therein.* Still other cases have recognized the 180-day period as theoretically binding but have denied motions to dismiss as moot where the period has expired by the date of the court's hearing or ruling. *E. g., Eldredge v. Carpenters 46, Northern California Counties Joint Apprenticeship and Training Committee,* 440 F.Supp. 506 (N.D.Cal.1977). This approach assumes that if the premature suit were dismissed, the Commission could immediately issue a second right-to-sue based upon the same charge. The validity of such a procedure does not appear to have been decisively litigated. In addition, in *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975), the Second Circuit approved a premature civil action on the ground that 180 days had elapsed from the filing of a prior charge against the defendant employer. Two of the principal texts on Title VII are also divided on the effect of the § 706(f)(1) waiting period. *Compare* Schlei & Grossman, *supra, with* Player, *Federal Law of Employment Discrimination* § 5–8.01, at 212–13 (West 1976).

The Sixth Circuit has twice affirmed dismissal of a private Title VII action based upon premature agency letters, but has also recognized the Commission's practical ability to moot the statutory question presented by issuance of a timely, second right-to-sue notice. *Jerome v. Viviano Food Co.,* 489 F.2d 965 (6th Cir. 1974); *Troy v. Shell Oil Co., supra.*

The authorities reviewed leave this Court in substantial doubt as to its present subject-matter jurisdiction over plaintiff's claims, even though more than 180 days have now elapsed since the filing of his charge. At the same time, although the validity of any further right to sue based upon the same charge is also somewhat in question, it appears that a timely re-issuance by the agency would cure the jurisdictional defect and moot defendant's motion in this circuit. The Court will therefore hold the motion under advisement for thirty (30) days in order for plaintiff to seek a valid notice of his right to pursue this action from the agency. The Pre-Trial Order heretofore entered in this cause will be amended accordingly.

It is so ORDERED this 13th day of June, 1979.