## Kalenevitch v. Finger

*Joseph M. Melillo,* for plaintiffs.
*Richard H. Wix,* for defendant.

DOWLING, *J.,* July 19, 1990 — Plaintiffs, having received a verdict[1] which they obviously feel is insufficient, but which they apparently realize is not so low as to shock the court's conscience, asked for a new trial on damages,[2] because of alleged error in permitting a witness to testify to statements made by the injured plaintiff which contradict her allegations of continual pain.

Joyce Kalenevitch was referred by Dr. Arnold Sheinvold, a licensed psychologist, for stress/pain management, and her therapy was delegated to one Doris Fahs, a nurse with psychiatric training employed by Dr. Sheinvold. In the course of her therapeutic sessions, the plaintiff talked about her pain and accompanying stress, indicating that some days she was free of pain, and that much of her stress was due to an unrelated situation. She told Ms. Fahs that she was much improved and that her neck was better, and made various other statements which minimized her damage claim. This was directly contrary to Mrs. Kalenevitch's testimony that she had more or less continuous pain. Ms. Fahs, over objection, was permitted to testify to these highly relevant admissions.

1. A figure of $10,831 for soft-tissue injury to Mrs. Kalenevitch's neck and back as the result of a rear-end collision.
2. The issue of liability has been withdrawn.

It is plaintiff's position that the comments made by Mrs. Kalenevitch to Dr. Sheinvold's nurse were privileged under the Act of July 9, 1976, P.L. 586, 42 Pa.C.S. §5944, which states:

"§5944. *Confidential communications to licensed psychologists*

"No person who has been licensed under the Act of March 23, 1972 (P.L. 136, no. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client."

At the time of trial, we ruled that the statute must be narrowly construed and applied to a licensed psychologist only, not to his agents or employees. Having now had the luxury of reflecting on the matter at leisure and researching it more fully, we find that we erred; and since the erroneously admitted testimony was, in our opinion, seriously detrimental to the plaintiff's injury claim, we must award a new trial.

As Wigmore has pointed out,[3] the principle of privilege is an exception to the general rule that every person is responsible for giving testimony upon all relevant facts into which a court of law may inquire. He opines that the fundamental criteria for recognizing the shield of privilege should be that "the injury that would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposal of litigation."

---

3. Wigmore on Evidence (McNaughton Revision) §2285.

Were this the test, we would have no hesitance in upholding our trial decision, for we feel strongly that, in this case, the greater injury derived from keeping this vital evidence from the fact finders. But the legislature, in its infinite wisdom, has spoken, and our interpretation, or rather reinterpretation, of the statute now reveals that it applies not only to licensed psychologists, but to their assistants as well. Our research has disclosed that only one appellate decision is relevant. In *Commonwealth v. Kyle,* 367 Pa. Super. 484, 533 A.2d 120 (1987), the defendant, charged with rape and related offenses, sought access to a psychologists's file, through pretrial discovery, for any information concerning treatment of the victim after the crime. It was held that this material was barred by the psychologist-client privilege. The court spoke of the privilege as an absolute one, and held that the interests of the defendant in learning of testimony favorable to his case was not sufficient to overcome the desirability of maintaining confidentiality between a psychologist and his client. It is thus argued by plaintiffs, and with some logic, that the right of a criminal defendant to such psychological information was certainly as great, if not greater, than that of a personal injury defendant in a civil case.

The case at hand, of course, does not concern a licensed psychologist, but rather his agent and employee, to whom he delegated a portion of his therapeutic work, and thus the narrow issue is whether the legislature intended the statute to apply to psychologists' agents. It would appear that the statute itself supplies the answer, since it equates the confidential relationship between a psychologist and his client with those between an attorney and a client. In decisions concerning the latter group, it seems clear that the privilege would

extend to Ms. Fahs, for it has been held to include attorneys, law clerks, stenographers, and investigators. See *Commonwealth v. Hutchinson,* 290 Pa. Super. 284, 434 A.2d 740 (1981), as well as *Miller v. Haulmark Transport Systems,* 104 F.R.D. 442 (E.D. Pa. 1984); *United States v. Calaria,* 614 F.Supp. 187 (E.D. Pa. 1985); *Davne v. Investment Corp. of America,* 82 F.R.D. 484 (E.D. Pa. 1979). See also, Wigmore, section 2301. Defendant argues that "it is incredulous [sic] to assert that when the legislature enacted this psychologist-patient statute in 1976, that [sic] it intended the privilege to apply to agents of psychologists," pointing out that when the psychologist-patient privilege was enacted, the attorney-client privilege did not apply to agents of attorneys. However, defendant overlooks the fact that this statute was amended in 1989[4] to include psychiatrists, as well as psychologists, and yet retained the same parallel reference to the attorney-client privilege. And, of course, the logic of such an extension is unassailable. If the purpose is to serve the privacy interests of the client so that the goal of effective treatment will not be impaired, it follows that it must include the psychologists' agents.

Unfortunately, the statute does not embody Wigmore's balancing test. While a trial should be a search for the truth, by legislative mandate, we must now sacrifice this tool of justice in situations involving certain professions. As Francis Bacon noted in his famous essay on the judiciary:

"Let judges also remember, that Solomon's throne was supported by lions on both sides;

"Let them be lions, but yet lions under the throne."

Accordingly, we enter the following

_____
4. Act of December 22, 1989, P.L. 722.

## ORDER

And now, July 19, 1990, plaintiffs are granted a new trial limited to the issue of damages only.