**Gerald M. PARKS, Plaintiff,**

v.

**Honorable Peter J. BRENNAN, Secretary of Labor, Defendant.**

**Civ. A. No. C74–2306A.**

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 17, 1974.

Lloyd Sutter, O'Callaghan, Saunders, Sutter & Stumm, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U.S. Atty., N.D. Georgia, William D. Mallard, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER GRANTING PRELIMINARY INJUNCTION

MOYE, District Judge.

This Federal employee reverse employment discrimination action, arising under the Fifth Amendment to the Constitution of the United States and the 1866 and 1964 Civil Rights Acts, 42 U.S.C. Secs. 1981 and 2000e et seq., is before the Court on application for preliminary injunction [1] pending exhaustion of administrative remedies.[2] Jurisdiction is invoked pursuant to 28 U.S.C. Secs. 1331, 1343(4), 2201, and 2202, as well as 42 U.S.C. Sec. 2000e–5(g).

Plaintiff, a white career Department of Labor employee (GS–13), alleges race and national origin discrimination in the denial of his application for Area Director, Wage and Hour Division, positions vacant in Atlanta and Miami. At this time, plaintiff seeks no decision by this Court on the merits of his claim; but rather asks the Court to enjoin defendant from filling the Atlanta position on a *permanent* basis in order to preserve that vacancy [3] for plaintiff to

---

1. This Court granted plaintiff a temporary restraining order on November 27, 1974, after which the parties agreed to a hearing date of December 10, 1974, at which time the Court indicated it would decide whether or not to grant preliminary injunctive relief under Rule 65, Fed.R.Civ.P.

2. A Federal employee is required to initiate administrative proceedings, but the Civil Rights Act of 1964, as amended in 1972 (the "Act") to include coverage of Federal employees, permits the complaining employee to institute a civil action on the merits of his claim after the passage of 180 days from the filing of his initial charge whether or not the administrative agency either conducts an investigation or hearing and whether or not a final agency determination is made. Section 717(c) of the Act, 42 U.S.C. Sec. 2000e–16(c) and 5 C.F.R. Sec. 713.281(b).

3. In his written precomplaint charge filed on November 18, 1974 (Exhibit "B" to the Complaint), plaintiff requested that, pending exhaustion of his administrative remedies, the agency either not fill the Miami and Atlanta Area, Directorships or fill either or both of them on only a temporary basis. Defendant refused, filled the Miami position permanently

fill if he ultimately prevails on his claim, either before the administrative agency or this Court. The matter came on for hearing on plaintiff's application for preliminary injunction on December 10, 1974.

*Findings of Fact*

1. Plaintiff was an applicant for bulletined Wage and Hour Division Area Directorship vacancies in Miami, Florida, and Atlanta, Georgia. He alleges that he was the Merit Staffing Panel selection first for the Miami position and later for the Atlanta job, but that he was denied each of these advancement opportunities on the basis of "command influence," *viz.*, direction from Washington, D.C. headquarters of the U.S. Department of Labor that a Spanish-American be appointed to the Miami position and a black be appointed to the Atlanta office.

2. The announcement of vacancy filling to which plaintiff has objected was made on November 13, 1974. (Exhibit "A" to Complaint.) Plaintiff thereupon filed concurrently a charge of discrimination and a grievance (Exhibits "B" and "C" to Complaint). In the former, plaintiff alleged race and national origin discrimination; in the latter, he alleged violation of the Merit Staffing procedural regulations. In both, he asked that no permanent appointment be made until he could obtain a decision on the merits of his reverse discrimination charge.

3. Defendant filled the Miami Area Directorship on a permanent basis, notwithstanding plaintiff's request to the contrary; and he informed plaintiff's counsel that, absent an injunction, he intended to fill the Atlanta position on a permanent basis on December 2, 1974. (Whereupon plaintiff applied for and was granted on November 27, 1974, a temporary restraining order prohibiting such permanent filling of the Atlanta job.)

4. On November 26, 1974, plaintiff was notified that, "[s]ince [he was] complaining about a matter which involves a discrimination issue and which is presently being processed under the EEO complaint procedure, it cannot be processed under the Department's Grievance procedure." That notice further stated: "Accordingly, I am unable to accept and act on [plaintiff's] grievance. The EEO procedure is the proper forum to pursue the issue raised by [plaintiff]." (Appendix "B" to plaintiff's Memorandum in support of application for preliminary injunction.) This constitutes a final agency determination and exhaustion of plaintiff's traditional civil service administrative remedies.

5. On December 6, 1974, plaintiff was informed by the EEO Counselor and EEO Officer, pursuant to the "precomplaint" procedure that an informal solution to the matter could not be achieved so that plaintiff would be required to file with a designated agency official a written formal discrimination complaint, pursuant to 5 C.F.R. Sec. 713.214. The written, formal complaint required by Section 713.214, plaintiff advised the Court at the preliminary injunction hearing, was filed on December 9, 1974.

*Conclusions of Law*

1. This matter is not before this Court at this time on its merits so that the question of what standard of judicial review applies, *cf.* Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973), is not herein involved.

2. Because the Department of Labor has rendered a final determination not to "accept and act on [plaintiff's] grievance," plaintiff has exhausted his traditional civil service administrative remedies and is entitled to make application for preliminary injunctive relief. Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), and DiSimone v. Linford, N.D.Ga., C.A.

on November 24, 1974, and effectively triggered this action to preserve the Atlanta vacancy otherwise scheduled to be filled on December 2, 1974. Only by virtue of the entry of this

Court's November 27, 1974 temporary restraining order and this preliminary injunction order has the Atlanta vacancy not been permanently filled.

No. 18366 (June 12, 1973) (unpublished) are, therefore, inapposite.

3. The matter is before the Court, then, on the issue of whether or not, prior to the exhaustion of the agency EEO procedures set forth in 5 C.F.R. Sec. 713 et seq., this Court is authorized to grant a preliminary injunction in a Federal advancement denial case raising reverse race and national origin discrimination claims.[4]

4. This Court concludes that it is authorized to grant preliminary injunctive relief in the instant case because:

(A) Section 717(c) of the Civil Rights Act of 1964, as amended (the "Act") grants this Court jurisdiction over Federal employee employment discrimination claims and establishes the Court's remedial authority under the same statutory provision applicable to private employers. Section 706(g) of the Act, 42 U.S.C. Sec. 2000e–5(g).

(B) Section 706(g), *inter alia,* provides for the grant of equitable relief after trial on the merits "or any other equitable relief as the court deems appropriate."

(C) Contrary to the situation where a private sector employee may obtain interim equitable relief under Section 706 (f)(2) through the Equal Employment Opportunity Commission ("EEOC"), the Federal employee filing a complaint with the EEO Counselor or other appropriate agency official obtains administrative review by the very same agency alleged to be the discriminator.

The charged party or respondent agency, of course, cannot on the complaining party's behalf seek interim equitable relief against itself. Consequently, if interim relief is to be sought at all, it must be applied for by the individual Federal employee on his own behalf. Hence, the plaintiff has no *available* administrative remedy for obtaining preservation of the status quo pendente lite.

5. The traditional remedies otherwise available under the principles of equitable restitution in the employment relationship, *viz.,* reinstatement with backpay, are inappropriate and inadequate here. They are inappropriate because plaintiff neither seeks an order requiring his appointment to the disputed Atlanta Area Directorship, nor needs such an order to protect his principal interest: availability of the Atlanta position for him to fill if he can prevail on the merits either before the agency or this Court. The traditional remedies are inadequate here because what plaintiff needs to protect his interest pending resolution of the merits of his claim is the continuation of a permanent vacancy[5] in the Atlanta Area Directorship. Payment to him of backpay if he prevails and the awarding to him of a permanent GS–14 position with or without an appointment to an Area Directorship in some other part of these 50 United States is simply an inadequate remedy for the loss of the Atlanta position to an incumbent, permanent appointee. What plaintiff believes he was unlawfully denied is the Atlanta Area Directorship; the Salt Lake City job is not an adequate substitute therefor.

4. Because this Court concludes that it has authority under the Civil Rights Act of 1964, as amended, to grant preliminary injunctive relief, it need not consider the issues of whether such relief might also be authorized to protect rights guaranteed by the Fifth Amendment to the Constitution of the United States or by the 1866 Civil Rights Act, 42 U.S.C. Sec. 1981, neither of which provide for any administrative remedies to exhaust.

5. From the inception of this matter, plaintiff has agreed to permit defendant to fill the Atlanta Area Directorship on a "temporary" basis if the good of the agency required. Nothing in this Court's temporary restraining order or this preliminary injunction bars such a "temporary" appointment even of the disputed appointee, Mr. Mitchell. All that is required for defendant to comply herewith is that the Atlanta position be available to plaintiff should he prevail on the merits and be awarded that position either by the agency determination or this Court.

6. If plaintiff can prove the allegations contained in his complaint (and there was at least some indication that he could at the hearing on the preliminary injunction),[6] he will have met the burden of proof established in Green v. McDonnell-Douglas Corp., 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); there exists, therefore, a substantial likelihood that he will prevail on the merits.

7. This Court is persuaded of the correctness of its foregoing conclusion by the decision of the United States Court of Appeals for the Fifth Circuit in Drew v. Liberty Mutual Ins. Co., 480 F.2d 69 (1973), cert. denied 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974), quoting with approval from Note, Developments in the Law—Employment Discrimination in Title VII . . ., 84 Harv.L.Rev. 1109, 1257 (1971), and citing Jones v. Alfred Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), and Gomez v. Florida State Employment Service, 417 F.2d 569 (5th Cir. 1969).

It is, therefore, ordered and adjudged, that defendant Secretary of Labor and all of his subordinate agency officers, agents, employees, servants, confederates and all persons acting in concert with him or any of them, be and they are hereby enjoined until further order of this Court:

(1) From filling as scheduled on December 2, 1974, on anything other than a temporary basis, the now vacant office of U. S. Department of Labor, Wage and Hour Division Area Director located in Atlanta, Georgia; and/or

(2) From taking any other personnel action necessary to fill on a permanent basis the same Atlanta Area Directorship, including but not limited to, movement of household goods for the named appointee who was scheduled to fill that office on December 2 or permanently filling of said appointee's previously held position, either or both of which would unnecessarily inconvenience appointee should plaintiff prevail on the merits of his claim and be entitled to fill said office; and/or

(3) From taking any other action which would preclude plaintiff from filling the Atlanta Area Directorship should he prevail on the merits of his claim.

(4) This preliminary injunction, absent further order of this Court, shall remain in effect until plaintiff brings to this Court the case on its merits pursuant to his rights set forth in Section 717(c) of the Act, 42 U.S.C. Sec. 2000e-16(c) and 5 C.F.R. Sec. 713.281(a)–(d).

---

6. In the unsigned Department of Labor, Office of Equal Employment Opportunity, "Summary Statement of Individual Allegation of Discrimination," which was provided to plaintiff by the EEO Officer after the December 6 final interview held pursuant to 5 C.F.R. Sec. 713.213, but only immediately before the December 10 preliminary injunction hearing, under the subsection labelled "Attempts made for informal resolution," plaintiff's counsel advised the Court at the preliminary injunction hearing, the statement is made:

"The determination of EEO Counselor, Mrs. E. R. Ball, was that the selectee was chosen because of his race." That the EEO Officer and another EEO Counselor who reviewed Mrs. Ball's report concluded otherwise, in this Court's opinion, only reinforces the need for a thorough and careful examination of the facts which will be necessary by the administrative agency and, if necessary, this Court before any final decision can be made on the merits of plaintiff's claim.