**Biswanath HALDER, Plaintiff-Appellant,**

v.

**AVIS RENT–A–CAR SYSTEM, INC., Defendant-Appellee.**

**No. 977, Docket 76–7039.**

United States Court of Appeals, Second Circuit.

Argued May 13, 1976.

Decided Aug. 26, 1976.

---

Biswanath Halder, pro se.

Meyer, English & Cianciulli, P. C., Mineola, N. Y. (M. Kathryn Meng, Mineola, N. Y., of counsel), for defendant-appellee.

Before MANSFIELD, VAN GRAAFEILAND, Circuit Judges, and POLLACK,*. District Judge.

* District Court Judge, Southern District of New York, sitting by designation.

PER CURIAM:

In this action by Biswanath Halder, an immigrant from India, alleging that the defendant-appellee, Avis Rent-A-Car System, Inc., in violation of Title VII of the Equal Employment Opportunity Act, 42 U.S.C. § 2000e, et seq., refused to hire him as a computer programmer because of his race and national origin, Halder appeals from a memorandum decision and order of Chief Judge Jacob Mishler of the Eastern District of New York denying Halder's application pursuant to 42 U.S.C. § 2000e–5(g) for a preliminary injunction which would direct Avis to abandon its discriminatory employment practices and to hire him pending outcome of the litigation. We affirm.

■ In seeking preliminary injunctive relief Halder assumed the heavy burden of showing either a substantial likelihood of success on the merits coupled with the possibility of some irreparable injury to himself or that he has raised serious questions going to the merits and that the balance of hardships tips decidedly in his favor. *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973). Even in such a case injunctive relief would be justified only as a means of maintaining the status quo. *See, e. g., Exxon Corp. v. City of New York*, 480 F.2d 460, 464 (2d Cir. 1973).

■ Here Halder has failed completely to make the requisite showing. His complaint and other papers, construed most liberally in his favor as a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), fail to allege any discriminatory practice or policy on Avis' part other than the failure to hire him, from which he infers that Avis refused to employ him because he is of Indian origin. However, no facts are alleged to support this conclusion and Avis, to the contrary, has filed an answer and affidavit to the effect that he was not employed because the only openings available required skills which he did not possess. Furthermore, even if

**132**

Halder would ultimately prevail, relief in the form of money damages would be available.

Under the circumstances, there was no abuse of discretion in denying preliminary injunctive relief and the order appealed from is accordingly affirmed.