Alphonso J. PATTERSON, Plaintiff,

v.

UNITED FEDERATION OF TEACHERS, LOCAL NO. 2, the Board of Education of the City School District of New York, Defendant.

No. 79 Civ. 1172 (LFM).

United States District Court, S. D. New York.

Oct. 26, 1979.

Alphonso J. Patterson, pro se.

James R. Sandner, New York City, by Donald Congress, New York City, for defendant United Federation of Teachers.

Allen G. Schwartz, New York City Corp. Counsel, New York City, by Ellen August, Brooklyn, N. Y., for defendant Board of Ed.

## OPINION

SWEET, District Judge.

Plaintiff Alphonso J. Patterson ("Patterson") seeks a preliminary injunction pursuant to Rule 65(a), Fed.R.Civ.Proc., reinstating him to his former position as a school teacher, requiring defendants Local 2 of the United Federation of Teachers ("UFT") and

the Board of Education of the City of New York (the "Board") to withdraw opposition to plaintiff's claim for line-of-duty pay and benefits, and for various other relief. This opinion constitutes the findings of fact and conclusions of law. For the reasons set forth below, plaintiff's motion is denied.

On December 9, 1975 Patterson was employed by the Board as a music teacher at Theodore Roosevelt High School in New York City, when he was attacked by a student. He became ill and was hospitalized the next morning. An examining physician diagnosed his condition as resulting from "an acute myocardial episode, such as an acute coronary insufficiency." In short, plaintiff was suffering from a heart ailment.

The Board granted line-of-duty leave to Patterson from December 10, 1975 until April 14, 1976. This status allowed Patterson to remain on salary without charging his absence against accumulated sick leave. Subsequent to April 14, 1976, the Board consistently denied him line-of-duty leave, contending that Patterson's heart condition did not result from the attack upon him in December, 1975, but rather existed prior to that time.

Patterson has waged a significant campaign to retain his line-of-duty status. The conflict between Patterson and the Board has resulted in at least three separate medical arbitration proceedings, one Article 78 proceeding in the New York State courts and a grievance proceeding against the Board for failure to process an additional request for medical arbitration. Patterson has succeeded in two of the medical arbitrations in gaining temporary reinstatement to line-of-duty status. Moreover, the grievance proceeding resulted in an arbitrator's decision, dated January 8, 1979, that the Board had violated its collective bargaining agreement by delaying consummation of the medical arbitration process for four months. However, the arbitrator denied Patterson the broad relief that he sought against the Board.

In addition, Patterson alleges that the UFT has failed in its duty to represent him adequately in his grievance proceedings against the Board. The UFT urges that it did not in good faith believe that Patterson was entitled to the broad relief that he claimed in the grievance proceeding, a belief which it claims was borne out by the arbitrator's January 8, 1979 decision.

On the basis of this long history of controversies, Patterson alleges that the Board has discriminated against him on the basis of race in violation of Title VII, 42 U.S.C. § 2000e, the Fourteenth Amendment, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Patterson also alleges collusion between the Board and the UFT to deny him his rights on the basis of race.

The Court of Appeals has clearly set forth the standard for issuance of a preliminary injunction in this circuit:

[T]here must be a showing of possible irreparable injury *and* either (1) probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary injunction.

*Caufield v. Board of Education of City of New York*, 583 F.2d 605, 610 (2d Cir. 1978). *Accord Selchow & Righter Co. v. McGraw-Hill Book Co.*, 580 F.2d 25, 27 (2d Cir. 1978); *Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356, 1348–59 (2d Cir. 1976). Injunctive relief is usually justified only as a means of maintaining the *status quo*. *Halder v. Avis Rent-A-Car*, 541 F.2d 130, 131 (2d Cir. 1976); *Exxon Corp. v. City of New York*, 480 F.2d 460, 464 (2d Cir. 1973).

Plaintiff has failed to make the showing required by this test in this case. There is no showing of irreparable injury. It is well-established that if Patterson is successful on the merits, backpay and restoration of seniority and vacation time will be available under both Title VII and the Civil Rights Act of 1871. See *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1976); *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157 (5th Cir.), *reh. denied*, 581 F.2d 267 (1978),

cert. denied, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979) (broad remedial relief granted to correct discriminatory seniority system); *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263, 267–68 (10th Cir. 1975) (back-pay and reinstatement available under Title VII); *American Broadcasting Companies, Inc. v. Cuomo,* 570 F.2d 1080 (2d Cir. 1977) (appropriate relief available under Civil Rights Act of 1871). The denial of a preliminary injunction will not prevent Mr. Patterson from gaining full relief from any racial discrimination that he can prove. Mere economic injury is not sufficient to warrant granting of a preliminary injunction. *Faro v. New York University,* 502 F.2d 1229 (2d Cir. 1974); *Halder v. Avis Rent-A-Car System, supra.*

This is not a case in which injunctive relief is appropriate in order to preserve the *status quo. Wagner v. Long Island University,* 419 F.Supp. 618 (S.D.N.Y.1976). Patterson has not held line-of-duty status for over one year. Moreover, he has not alleged that failure to gain immediate reinstatement will result in loss of professional stature constituting irreparable injury. Indeed, if Patterson is restored to line-of-duty status, he will not return to the classroom, but will continue recuperation with full pay.

■ Further, Patterson has not established that he is likely to prevail on the merits in his suit against the Board. Although the affidavits and exhibits submitted by Patterson demonstrate a long and bitter struggle with the Board, no evidence has been presented that the actions of the Board were motivated by racial animus. The touchstone of analysis in an employment discrimination case is whether an employer is treating some employees less favorably than others due to race. *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); *Hazelwood School District v. United States,* 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977). There is also no evidence indicating that the Board's actions in this case were the result of a continuing policy or practice which was racially premised. *See Interna-* *tional Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Further, the standard for establishing unlawful discrimination is the same under 42 U.S.C §§ 1981 and 1983 as under Title VII. *Carrion v. Yeshiva University,* 535 F.2d 722, 729 (2d Cir. 1976).

■ Plaintiff has also failed to show likelihood of success in his action against the UFT. In order to prevail on that claim, Patterson must prove that the UFT's "conduct was arbitrary, discriminatory, or in bad faith, in breach of their duty of fair representation, and that they took such action because of plaintiff's [race]." *Vadell v. Woehr,* 74 Civ. 2327 (S.D.N.Y.1978); *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 79, 478 F.2d 979, 989 (D.C. Cir. 1973). The failure of the UFT to represent Patterson does not, without more, demonstrate a breach of the union's duty of representation. Moreover, plaintiff's unsupported allegations of collusion between the Board and the UFT are insufficient to demonstrate union acquiescence in discriminatory practices of the Board. *See United States v. City of Buffalo,* 457 F.Supp. 612, 639 (W.D.N.Y.1978).

■ Finally, Patterson has not shown that the balance of hardships tips "decidedly" in his favor. Plaintiff's alleged economic hardship is a factor to be considered by this court. However, as stated above, this is not a case in which loss of professional stature or interruption of employment are at stake. *See Wagner v. Long Island University, supra ; Johnson v. University of Pittsburgh,* 359 F.Supp. 1002 (W.D.Pa.1973). There is, of course, a public interest in avoiding the granting of line-of-duty status to an employee unless the employee is entitled to such status. *See Yakus v. United States,* 321 U.S. 414, 440–41, 64 S.Ct. 660, 88 L.Ed. 834 (1944). In view of the scant evidence of discriminatory activity by the UFT and the Board, it cannot be said that the balance of hardships weighs strongly in favor of Patterson.

On the record as it stands, therefore, Mr. Patterson has failed to meet the rigorous standard required for granting a preliminary injunction.

Accordingly, plaintiff's motion for a preliminary injunction is denied. Defendants are ordered to submit an order consistent with this opinion, on notice, within ten days.

IT IS SO ORDERED.