**Evan A. RUBINO, Plaintiff,**

v.

**The CITY OF MOUNT VERNON, Thomas E. Sharpe, individually, and in his official capacity as Mayor of the City of Mount Vernon and Joseph S. Ragno, individually, and in his official capacity as Corporation Counsel of the City of Mount Vernon, Defendants.**

**No. 82 Civ. 3101 (RWS).**

United States District Court, S.D. New York.

Oct. 14, 1982.

Bleakley Schmidt, P.C., New York City, for plaintiff; Maurice F. Curran, Paul J. Giacomo, Jr., New York City, of counsel.

Plunkett & Jaffe, P.C., White Plains, N.Y., for defendants; Joel H. Sachs, White Plains, N.Y., of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Evan A. Rubino ("Rubino") seeks by way of motion pursuant to Fed.R. Civ.P. 65(a) to obtain mandatory relief in this action brought pursuant to 42 U.S.C. § 1983 restoring him to the post of City Assessor of the City of Mount Vernon, having failed to obtain that relief in the state courts and at the administrative level. The defendants, the City of Mount Vernon ("The City"), Thomas E. Sharpe, the Mayor of the City ("Sharpe") and Joseph S. Ragno, the Corporation Counsel of the City ("Ragno") (collectively "the City defendants") resist the motion on grounds of lack of irreparable injury, res judicata and abstention. Despite the unique procedural posture of this dispute, the motion is granted and Rubino will be restored to his post.

In his second cause of action Rubino seeks to enforce his rights as declared by the New York State Board of Equalization and Assessment (the "State Board"), no stay of the State Board's determination being outstanding. It is alleged, and here so found as set forth below, that the City defendants have deprived him of property without due process of law by refusing reinstatement. The facts present troublesome questions of federal/state relations, since in essence Rubino seeks to enforce in this court the rights he perceived to have been declared in the state administrative proceedings and presently under consideration in the state court.

Rubino was appointed City Assessor of the City of Mount Vernon on October 1, 1977, pursuant to section 1522 of the Real Property Tax Law of the State of New York ("RPTL"). This is a public office established by the New York State Legislature, entitling the holder of the office to a statutory term of six (6) years. Rubino's term will expire on September 30, 1983. Under section 1522 the Mayor of the City of Mount Vernon may · remove the Assessor after appointment "for just cause," subject to the review and determination of the State Board as the final administrative authority. This final administrative determination by the State Board is subject to judicial review in the New York State Supreme Court in accordance with the provisions of Article 78 CPLR.

Written charges were served on Rubino, a hearing on these charges was held before a Hearing Officer appointed by the Mayor, and the Report and Recommendation of the Hearing Officer dated May 12, 1981 was filed. Rubino was removed on May 15, 1981.

Following his removal, Rubino invoked the review procedure spelled out in section 1522(7) for review of his removal by the State Board. Upon the Report and Recommendation of the Hearing Officer appointed by the State Board for that purpose, the State Board rendered its determination on November 5, 1981, holding as follows:

> That the decision of the Mayor of Mount Vernon to remove the Assessor of the City of Mount Vernon from office is modified, and that the Assessor is hereby

reinstated to his position, and is to be reimbursed for back pay less one-twelfth (¹⁄₁₂) his annual salary.

By order to show cause dated December 9, 1981 the City and Sharpe commenced an Article 78 proceeding as prescribed by section 1522(7), challenging the State Board determination. By decision dated February 4, 1982, the Honorable Con G. Cholakis, Justice, New York State Supreme Court, Albany County, dismissed the Article 78 petition holding as follows:

> In summary, it is concluded that the petitioners have failed to present facts which under well recognized rules would allow this Court to substitute its judgment in the matter (*Mtr. of Pell v. Bd. of Educ.*, 34 N.Y.2d 222, 356 N.Y.S.2d 833, 313 N.E.2d 321).

*Matter of Mt. Vernon v. State Bd. of Equalization*, No. 11696/81 (Sup.Ct. Albany Co. 1981). Justice Cholakis then vacated the previously issued temporary stay of the State Board's order. The judgment did not contain a proposed decretal paragraph specifically calling for reinstatement and reimbursement for back pay. The City defendants filed a Notice of Appeal on March 11, 1982 to the Appellate Division, Third Judicial Department, State of New York which has yet to be perfected.

The City refused to comply with the State Board order, and Rubino then made an application by motion to the Third Judicial Department where the appeal was pending for an order compelling such compliance which was met by a cross-motion seeking a stay of the State Board's determination. By decision dated April 23, 1982, without opinion, the Appellate Division denied both motions. This action and motion followed.

Rubino has sworn by affidavit that he has been deprived of all but part time employment, has suffered economic hardship from loss of pay and that his standing and reputation have been, and continue to be, damaged and that the ability to perform his assigned public trust is the sole means by which he can avoid further such injury. He cites a declaration by Sharpe refusing reinstatement after the action of the State Board and a declaration by Ragno that:

> We are willing to spend $50,000 (in legal costs) to keep the son of a bleep out.

For reasons not set forth, Rubino has not sought by the initiation of a state court proceeding, except by motion on the appellate level as described above, to enforce the State Board's order. Instead, on these facts Rubino seeks relief on his federal cause. These facts, not the conclusions derived from them, are not challenged by the City defendants, who did not seek a factual hearing in connection with Rubino's present application.

■ The City defendants do not seriously dispute that deprivation of employment in violation of state law is actionable under 42 U.S.C. § 1983. *See Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Hilf v. New York City Housing Authority*, 550 F.Supp. 1000 (S.D.N.Y.1982); *Keyer v. Civil Service Comm.*, 397 F.Supp. 1362 (E.D.N.Y.1975). However, strenuous resistance is offered to injunctive relief, claiming that money damages will make Rubino whole if he is successful upon trial. Such was the conclusion in *Patterson v. United Federation of Teachers*, 480 F.Supp. 550 (S.D.N.Y.1979), which involved the seniority rights of a high school teacher. Here, more is involved, given the uniqueness of the post, the publicity given the dispute, the limited term of the employment, and the element of public trust that is involved. Irreparable injury is therefore present. *See Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937 at n. 68, 39 L.Ed.2d 166 (1974); *Keyer v. Civil Service Commission*, 397 F.Supp. 1362 (E.D.N.Y.1975); *Parks v. Brennan*, 389 F.Supp. 790, 793 (N.D.Ga. 1974).

■ As to the remainder of the test for preliminary injunctive relief set forth in *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979), the record establishes a probability that Rubino will succeed on the merits. The State Board's determination has already been the subject of a challenge by defendants in an Article 78 proceeding. The defendants have not

satisfactorily demonstrated a basis upon which that determination can be set aside. Thus, having met the requirements for preliminary injunctive relief, Rubino is entitled to reinstatement and back pay. *See Lewis v. New York City Transit Authority,* No. 79–C–139 (E.D.N.Y.1979); *Keyer v. Civil Service Comm. of the City of New York,* 397 F.Supp. 1362 (E.D.N.Y.1975); *Vega v. Civil Service Commission, City of New York,* 385 F.Supp. 1376 (S.D.N.Y.1974).

However, the City defendants rely most heavily on the claims that even if an injunction might be appropriate, this court is required by the doctrines of res judicata and abstention to deny the relief sought.

■ The principle of res judicata bars a subsequent suit only where a prior action has resulted in a judgment on the merits on the same cause of action. *Tucker v. Arthur Andersen & Co.,* 646 F.2d 721 (2d Cir.1981). There is no res judicata effect where the constitutional issues were not "fully litigated in the state proceedings.' *North Shore Right to Life Committee v. Manhasset American Legion Post No. 304,* 452 F.Supp. 834, 837 (E.D.N.Y.1978).

■ Whatever else may be uncertain about the relief sought here, it is evident that no decision on the merits contrary to Rubino's claim has been rendered. The only state court decision on the merits has been that of Justice Cholakis dismissing the City's effort to set aside the State Board's determination, a decision now on appeal in the Third Department. Justice Cholakis' refusal to enforce the State Board's determination in his judgment dismissing the City defendants' Article 78 proceeding appears to represent simply an effort not to adjudicate what was not before him, namely, Rubino's affirmative claim for reinstatement and back pay. A similar conclusion is reached with respect to the Third Department order denying the City defendants' motion to stay the Board's decision and Rubino's motion to enforce it. Whatever weight those dispositions create in res judicata terms is in Rubino's favor.

■ The most difficult element of the resolution of Rubino's motion results from his decision to proceed here rather than in state court. There is no doubt but that Rubino could have sought his affirmative relief in the state courts but he chose instead, for whatever reasons, to enforce his federal right to have due process under state law in this court. In this procedural posture, there is no distinction between the parallel remedies available to Rubino—an Article 78 proceeding in state court compelling compliance with the State Board's determination and this section 1983 action seeking injunctive relief. The Second Circuit has stated: "... section 1983 gives him [plaintiff] an independent supplementary cause of action, and he may choose the federal court as the preferred for the assertion of constitutional claims of violation of due process." *Lombard v. Bd. of Educ.,* 502 F.2d 631 (2d Cir.1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). In either case the court must decide whether defendants have violated state law in depriving Rubino of his employment. As the state law now stands, and no stay of the State Board's determination outstanding, it is concluded that there has been such a violation.

Abstention is not appropriate here. Although defendants assert that RPTL § 1522(7) is unconstitutional, there is no indication that the state law is unsettled, and therefore the considerations upon which the Honorable Pierre Leval relied in *Cohen v. Board of Education,* 536 F.Supp. 486 (S.D.N.Y.1982) are not present. If at some point it is demonstrated that the law is unsettled, defendants may renew their motion. However, it should be noted that abstention is generally disfavored in section 1983 actions. *See Coleman v. Ginsberg,* 428 F.2d 767 (2d Cir.1970); *Wright v. McMann,* 387 F.2d 519 (2d Cir.1967).

For these reasons, the motion for a preliminary injunction is granted. Rubino is directed to submit on notice within twenty (20) days a proposed order for preliminary injunctive relief directing his reinstatement pursuant to the State Board's determination.

IT IS SO ORDERED.