OPINION OF THE COURT
James N. White, J.
The plaintiff in this proceeding is seeking a declaration that RPTL 310 (5) and (10) and the regulations enacted thereunder are unconstitutional.
With the enactment of section 310, the Legislature requires that an assessor possess basic minimum knowledge and skills pertaining to the assessment of real property. To insure compliance with this requirement, RPTL 310 (5) provides that a person who is appointed or elected to the office of assessor after November 1, 1982, shall, within one year after the commencement of his term, be certified as having met the prescribed educational and training requirements. In the event he is not certified, the State Board of Equalization and *821 Assessment can, after a hearing, declare the office of an elected assessor vacant (RPTL 310 [5] [c]).
In this instance, plaintiff was elected assessor of the Town of Broadalbin in November 1983. Thereafter, on October 9, 1985, a hearing was held to determine whether he had complied with the training requirements established by section 310 (10) and the regulations (9 NYCRR part 188). The Hearing Officer found that he had not and recommended that plaintiff’s office be declared vacant. The finding and recommendation were accepted by the State Board of Equalization and Assessment on June 18, 1986. This proceeding ensued.
It is well settled that when the Legislature establishes a public office, like an assessor’s (see, Rubino v City of Mount Vernon, 563 F Supp 907 [US Dist Ct, SD NY]), it may prescribe qualifications for holding that office (see, 18 NY Jur 2d, Civil Servants, § 30). The only limitation on its power is that the qualifications it establishes must have a rational basis, such as age, integrity, training, or, perhaps, residence (see, Landes v Town of N. Hempstead, 20 NY2d 417, 420; 63A Am Jur 2d, Public Officers and Employees, § 37). Since an assessor plays a pivotal role in the taxation process, it is imperative that he be familiar with the various assessment theories and procedures. Accordingly, the court finds that the qualifications for the office of assessor established in RPTL 310 have a rational basis. Based on that finding, the court will issue a declaration that RPTL 310 (5) and (10) and the regulations enacted thereunder (9 NYCRR part 188) are constitutional.