Herman O. TOOLEY, Edward J. Helt and Arnold G. Bakke, Plaintiffs,

v.

MARTIN–MARIETTA CORPORATION, a corporation, United Steelworkers of America, Local 8141, and United Steelworkers of America, AFL–CIO, Defendants.

Civ. No. 76–933.

United States District Court,
D. Oregon.

Sept. 27, 1979.

---

John Spencer Stewart, Kobin & Meyer, Portland, Or., Herald M. Follett, Portland, Or., for plaintiffs.

David W. Morthland, Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for defendant Martin-Marietta Corp.

Robert A. Bennett, Willner, Bennett, Bobbitt & Hartman, Portland, Or., David L. Gore, Chicago, Ill., for United Steelworkers of America, Local 8141, and United Steelworkers of America AFL–CIO.

## OPINION

SOLOMON, District Judge:

Herman Tooley, Arnold Bakke and Edward Helt filed this Title VII action for relief from religious discrimination by their employer, the Martin-Marietta Corporation (company); their local union, United Steelworkers of America, Local 8141 (union); and their national union, United Steelworkers of America, AFL–CIO (national union).

In October 1976 the company and the union entered into a collective bargaining agreement which includes a closed shop provision. Plaintiffs were then subject to discharge if they failed to join the union. All three plaintiffs are Seventh Day Adventists and refuse to join a union, or pay a service fee equal to union dues, because of their sincere religous beliefs.

Plaintiffs informed the company and the union that they could not, in good con-

science, support the union. Plaintiffs offered to pay an amount equal to their union dues to a mutually acceptable charity but the union refused to accept this accommodation.

Plaintiffs exhausted their administrative remedies with respect to their local union and the company, received right to sue letters from the Equal Employment Opportunities Commission, and brought this action. The parties agreed that the union would not ask the company to fire plaintiffs during this action and plaintiffs now pay an amount equal to their union dues into a savings account. Plaintiffs seek injunctive relief against both the union and the company and also attorney's fees from the union.

Plaintiffs have not alleged the exhaustion of administrative remedies with respect to the national union or otherwise alleged the jurisdictional prerequisites for an action against it. Plaintiffs' action against the national union is therefore dismissed.

Title VII of the Civil Rights Act of 1964, as amended, prohibits religious discrimination by employers, 42 U.S.C. § 2000e–2(a), and unions, 42 U.S.C. § 2000e–2(c). Its definition of religion, Section 2000e(j), provides that practices motivated by religion are protected "unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship."

■ The union contends that Title VII does not prohibit a closed shop authorized by Section 8(a)(3) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(3).[1] I disagree. Title VII, which was enacted after the closed shop provisions of the NLRA, prohibits religious discrimination regardless of any otherwise lawful object of the discriminatory practice. *Anderson v. General Dynamics Convair Aerospace Division*, 589 F.2d 397, 400–401 (9th Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979).

The union contends that, if Title VII requires a reasonable accommodation despite a closed shop provision, Title VII unconstitutionally establishes accommodated religions in violation of the First Amendment.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

I believe that the religious accommodation provision in Title VII is consistent with the First Amendment.

■ Some accommodation of religious beliefs and actions is required by the Free Exercise Clause, *e. g., Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) (Amish parent may not be prosecuted for refusing to send child to ninth grade); *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (Sabbatarian may not be denied unemployment compensation because she is not available for work on Saturdays). The government may accommodate other religious practices without violating the Establishment Clause, *e. g., Gillette v. United States*, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971) (Conscientious objection to military service); *Walz v. Tax Commission*, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970) (Property tax exemption for religious institutions); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) (Sunday closing laws); *Zorach v. Clauson*, 343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954 (1952) (Release of public school students for religious instruction).

The NLRA authorizes unions to negotiate and enforce closed shop provisions. 29 U.S.C. § 158(a)(3), (b)(2). I believe the religious accommodation provision of Title VII is an appropriate exception to the NLRA. It accommodates the free exercise of religion without violating the Establishment Clause.

1. The NLRA, 49 Stat. 449, 452 (1935), was amended by the Labor Management Relations Act, 61 Stat. 136, 140–141 (1947).

Plaintiffs' proposed accommodation will not benefit them or their religion because they intend to make contributions to neutral charities equal to union dues.

The company and the union are protected from an accommodation which would result in an undue hardship.

■ Title VII is a neutral provision which entitles every employee, believer or atheist, to a reasonable accommodation of his religious beliefs and practices. *See Young v. Southwestern Savings and Loan Association*, 509 F.2d 140 (5th Cir. 1975) (An atheist may not be fired for refusing to attend staff meetings which include a religious talk and a prayer).

The union's reliance on *Gavin v. Peoples Natural Gas Co.*, 464 F.Supp. 622 (W.D.Pa. 1979), is misplaced. *Gavin* holds that an employer is not required to respect an employee's objection to raising the flag at the employer's premises. *Gavin* turned on the basis for the employee's objection to his duty. Here, however, the parties agree that the objection to union membership is based on a sincere religious belief.

The union also contends that the religious accommodation provision is inconsistent with the establishment test used in *Committee for Public Education v. Nyquist*, 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948 (1973). There the issue was does government support for sectarian schools violate the Establishment Clause. *Nyquist* provides that:

".  .  . to pass muster under the Establishment Clause the law in question, first, must reflect a clearly secular legislative purpose,  .  .  . second, must have a primary effect that neither advances nor inhibits religion,  .  .  . and, third, must avoid excessive government entanglement with religion." 413 U.S. at 773, 93 S.Ct. 2955, 2965, 37 L.Ed.2d 948.

If this test governs these facts, the test is satisfied. It is a neutral provision with a satisfactory purpose—to prevent discrimination resulting from the unreasonable refusal to accommodate religious beliefs and practices. A reasonable accommodation will not favor plaintiffs or their religion because plaintiffs agree to contribute to charity an amount equal to union dues. A reasonable accommodation will not result in government entanglement with religion greater than that approved in *Yoder, Gillette, Walz,* and *Sherbert.*

■ In my view, the religious accommodation provision promotes the free exercise of religion without violating the Establishment Clause.

The union admits that plaintiffs refuse to support it because of their sincere religious beliefs. This establishes a prima facie case of employment discrimination. The union must therefore prove that it made a good faith effort to accommodate plaintiffs' beliefs and that to accommodate plaintiffs' beliefs would involve an undue hardship. *Anderson,* supra, 589 F.2d at 401.

The union did not make a good faith effort to reasonably accommodate plaintiffs' religious beliefs. It merely insisted that plaintiffs pay the union the equivalent of union dues. This is not a good faith effort. *Burns v. Southern Pacific Transportation Co.*, 589 F.2d 403, 406 (9th Cir. 1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979).

The union argues that it cannot reasonably accommodate plaintiffs' beliefs without bearing an unreasonable hardship. It argues that plaintiffs' dues, and the dues of others likely to agree with plaintiffs, are necessary to support its activities.

This is a frivolous argument. There are approximately 540 employees covered by the collective bargaining agreement. Union dues for the three plaintiffs are less than $600 each year. Even if the union is correct that there are three others who may refuse to support it, the total dues of six employees probably would be less than $1200. The union admits that its 1978 income was about $46,000, $4,300 more than its expenses. The union has had sizable budget surpluses every year since 1976 even though it made substantial contributions to charity in each of those years. The likeli-

hood that the union will ever be burdened by the few members who refuse to pay union dues because of religious beliefs is remote.

The union also contends that the administrative inconvenience of supervising payments to charity is an undue hardship. This too is a frivolous contention. The union is now making larger contributions to charity, and this precise contention was rejected by *Burns*, supra, 589 F.2d at 407.

The union's final contention, that it needs this support to be prepared for litigation, is patently frivolous.

In any event, this case is controlled by *Burns*, which also involved a Seventh Day Adventist who refused to pay $228 each year to a union. He was one of three Seventh Day Adventists in a workforce of 300. The Ninth Circuit Court of Appeals held that the defendants had not proved that equivalent payments to charity would result in an undue hardship to the union in these circumstances and reversed the District Court.

■ Plaintiffs are entitled to an injunction against the union and the company. The injunction shall prohibit the union from seeking plaintiffs' discharge for failing to support the union as long as plaintiffs make contributions to charity equal to union dues. The company is prohibited from discharging these plaintiffs for their refusal to pay union dues as long as they make equivalent contributions to charity. Within 10 days, the parties shall agree on mutually acceptable charities to which plaintiffs may make contributions or the parties may submit a list of charities so that I may make this determination.

Plaintiffs are entitled to attorney's fees from the union. If the parties cannot agree on the amount of such fees I shall hold a hearing on that issue.

This opinion shall constitute findings of fact and conclusions of law under Fed.R. Civ.P. 52(a).