Darrel C. NOTTELSON, Plaintiff,

v.

A.O. SMITH CORPORATION, a Foreign Corporation, and Smith Steel Workers D.A.L.U. 19806, AFL–CIO, Defendants.

No. 75–C–220.

United States District Court, E. D. Wisconsin.

April 18, 1980.

Lee Boothby, Berrien Springs, Mich., for plaintiff.

Sigrid E. Dynek, Asst. Gen. Counsel, Milwaukee, Wis., A. O. Smith Corp., Kenneth R. Loebel, Habush, Habush & Davis, S. C., Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

On December 7, 1979, this Court entered a memorandum and order resolving this action in plaintiff's favor. The memorandum and order constituted the Court's findings of fact and conclusions of law following a court trial on the merits of this case. Both defendants were found liable, but judgment has not been entered.

Defendants have filed briefs and motions raising several issues which they feel were left unanswered. Both defendants have also moved for reconsideration. Plaintiff has moved for an award of attorney's fees. Finally, several points must be clarified.

There are five issues which will be resolved in this opinion. In his complaint plaintiff sought relief under 42 U.S.C. § 2000e–2 (and the religious accommodation definition in 42 U.S.C. § 2000e(j)) and directly under the United States Constitution. The Court found liability under the statute without considering plaintiff's constitutional claim. Defendants argue that the Court should rule on the latter ground for relief. The next issue raised by the defendants is their claim that 42 U.S.C. § 2000e(j) is unconstitutional because it is in violation of the establishment clause of the first amendment. The third problem raised by defendants involves an allocation of damages. The fourth issue involves plaintiff's request for attorney's fees. Defendants argue that since plaintiff was denied a request for a preliminary injunction, if attorney's fees are awarded to plaintiff he should not be granted fees for the hours spent pursuing the interim equitable relief. Finally, defendants have moved for reconsideration on the merits.

Looking first towards the merits the Court remains convinced that it ruled correctly in its December 7, 1979 memorandum and order. In *Tooley v. Martin-Marietta Corp.*, 476 F.Supp. 1027 (D.Or.1979), the court was faced with resolving a fact situation almost identical to the one presented in this Court; *i. e.*, a plaintiff who refused to join a union or financially support it, but would contribute an amount equal to the union dues to a non-religious charity. The court held that plaintiff was entitled to relief because the defendants, union and company, had not proved that the payments of the $228.00 annual union dues to a charity would result in an undue hardship. This Court found the accommodation would impose only a *de minimus* hardship and as such does not cause defendants an "undue hardship" as defined in 42 U.S.C. § 2000e(j). See, *e. g.*, *Yott v. North American Rockwell Corp.*, 602 F.2d 904 (9th Cir. 1979). At this time this Court would again state that on this basis defendants have not shown that the accommodation would cause an undue hardship. Consequently, defendants' motion for reconsideration on the merits is denied.

█ Defendants' motion for reconsideration also raises a question of statutory preemption. They argue that labor questions are governed by the National Labor Relations Act (NLRA) which they assert preempts Title VII of the Civil Rights Act. Under 29 U.S.C. § 158(a)(3), (b)(2) of the NLRA unions are authorized to negotiate and enforce contract provisions calling for shops which are closed to all but union members. In *Tooley v. Martin-Marietta Corp.*, 476 F.Supp. at 1027, the Court held that Title VII is an exception to the NLRA. The preeminence of Title VII over the NLRA was explained definitively by the court in *McDaniel v. Essex International, Inc.*, 571 F.2d 338, 343 (6th Cir. 1978) where it held:

This court is aware of the national policy of promoting labor peace which is served by the union security provisions of Taft-Hartley. Since July 2, 1964, however, there has been no national policy of higher priority than the elimination of discrimination in employment practices. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Section 701(j) of the 1964 Act requires more than reliance on Taft-Hartley. The union security provisions of Taft-Hartley do not relieve an employer or a union of the duty of attempting to

make reasonable accommodation to the individual religious needs of employees. *See also, Anderson v. General Dynamics, Convair Aerospace Division,* 589 F.2d 397 (9th Cir. 1979); *Cooper v. General Dynamics, Convair Aerospace Division,* 533 F.2d 163 (5th Cir. 1976), *cert. denied,* sub nom., *International Association of Machinists and Aerospace Workers v. Hopkins,* 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977). This tribunal will follow the cases cited and must conclude that Title VII takes precedence over the NLRA in the present case.

In so ruling the Court takes note of defendant's reliance upon recent congressional efforts to amend the closed shop provisions of the NLRA to require religious accommodation to show that Title VII was not intended to preempt the NLRA. Such action by Congress shows nothing. While the passage of an amendment to the NLRA may indicate that Title VII does not cover labor union closed shop agreements, it is equally plausible to assume that the actions of Congress are being undertaken to reconfirm its commitment to civil rights. The proposition that the proposed amendment to the NLRA is meant to clarify the preeminence of Title VII is confirmed by reading excerpts of the relevant floor debates. 126 Cong.Rec. H 763 (1980). Consequently, this Court must conclude that Title VII applies in the present case.

■ Turning now to defendants' request for a ruling on the constitutional claim raised in plaintiff's complaint, the Court would note that complete relief is available to plaintiff under Title VII of the Civil Rights Act. Consequently, a finding of liability or non-liability under the constitutional claim will aid neither party at this stage of the litigation. Defendants argue that, in the event this Court is reversed on its findings under Title VII, judicial economy would favor having the constitutional claim resolved. Nothing will be gained by resolving this issue now since, if the appeal results in an affirmance, this Court need never reach plaintiff's constitutional claim. If anything, economy favors silence at this time. As a result, no resolution will be made of plaintiff's alternative ground for relief.

Although plaintiff's constitutional claim need not be reached, defendant's constitutional attack on 42 U.S.C. § 2000e(j) must be considered. Several courts have ruled that section 2000e(j) is unconstitutional. Under 42 U.S.C. §§ 2000e–2(a) and (b), (c), it is unlawful for a union or an employer to discriminate against an employee on the basis of religion. Section 2000e(j) provides:

The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

Defendants argue that section 2000e(j) conflicts with that portion of the First Amendment to the United States Constitution which provides: "Congress shall make no law respecting an establishment of religion . . . ."

In several cases the constitutionality of section 2000e(j) has been questioned. *Cummins v. Parker Seal Co.,* 516 F.2d 544 (6th Cir. 1975), *Celebrezze, J. Dissenting*; *Gavin v. People's Natural Gas Co.,* 464 F.Supp. 622 (W.D.Pa.1979); *Yott v. North American Rockwell Corp.,* 428 F.Supp. 763 (C.D.Cal. 1977), aff'd without the court reaching the constitutional issue, 602 F.2d 904 (9th Cir. 1979). Several courts have found the statute constitutional. *Cummins v. Parker Seal Co.,* 516 F.2d 544 (9th Cir. 1975) aff'd 429 U.S. 65, 97 S.Ct. 342, 50 L.Ed.2d 223 (1976), judgment vacated on other grounds, 433 U.S. 903, 97 S.Ct. 2965, 53 L.Ed.2d 1087 (1977); *Tooley v. Martin-Marietta Corp.,* 476 F.Supp. 1027 (D.Or.1979); *Brown v. General Motors Corp.,* 20 F.E.P. Cases 88 (W.D.Mo.1978), rev'd on other grounds, 601 F.2d 956 (8th Cir. 1979).

■ This Court is drawn to the conclusion that under the facts in the present case section 2000e(j) does not offend the first amendment. The test to be used in determining whether a statute offends the establishment clause was outlined by the Su-

preme Court in *Committee for Public Education v. Nyquist*, 413 U.S. 756, 773, 93 S.Ct. 2955, 2965, 37 L.Ed.2d 948 (1973):

> [T]o pass muster under the Establishment Clause the law in question, first, must reflect a clearly secular legislative purpose, . . . second, must have a primary effect that neither advances nor inhibits religion, . . . and, third, must avoid excessive government entanglement with religion.

This Court will follow the lead of the court in *Tooley v. Martin-Marietta Corp., supra.* Judge Solomon in his opinion held that section 2000e(j) is constitutional stating:

> It is a neutral provision with a satisfactory purpose—to prevent discrimination resulting from the unreasonable refusal to accommodate religious beliefs and practices. A reasonable accommodation will not favor plaintiffs or their religion because plaintiffs agree to contribute to charity an amount equal to union dues. A reasonable accommodation will not result in government entanglement with religion greater than that approved [by the Supreme Court in several cases]. . . . . the religious accommodation provision promotes the free exercise of religion without violating the Establishment Clause.

The facts in the present case are almost identical to those in *Tooley* and as applied to those facts section 2000e(j) is constitutional.

The next issue to be determined is the appropriate allocation of damages. Defendant Union claims that it should not be liable for backpay since defendant A. O. Smith was plaintiff's employer and Smith fired plaintiff, the Union did not. The Union further points out that the only steps it threatened to take if Smith did not fire plaintiff was to process a grievance to arbitration and to file an unfair labor practice with the National Labor Relations Board. Smith argues that it should not be liable for backpay since it was ready and willing to accommodate plaintiff's religious beliefs. Because the Union was adamant it fired plaintiff even though it could have avoided the issue by promoting plaintiff to a position not covered by the Union contract.

■ In this Court's opinion, each defendant is culpable. The Union for being so adamant; the employer for refusing to keep plaintiff on as an employee. While undergoing grievance proceedings may have cost Smith something, it could have lessened its exposure and the harm to plaintiff by not firing plaintiff. The prospects were not that dim. The Union, on the other hand, should have accommodated. They chose not to and must suffer the costs. The defendants are jointly liable for the damages plaintiff has suffered, and, barring agreement subsequent hereto, can anticipate the Court ordering each defendant to pay one-half of the residual backpay.

In determining those damages, three issues must be resolved. First, whether the backpay to be awarded to plaintiff should be reduced by unemployment compensation benefits received by plaintiff in the interim and earnings from other employment. Second, should plaintiff pay an amount equivalent to the union dues for the period in question to an acceptable non-religious charity. Finally, should plaintiff receive attorneys' fees and to what extent.

By the wording of the appropriate section of Title VII itself, 42 U.S.C. § 2000e–5(g), "Interim earnings or amounts earnable with reasonable diligence by the person . . . discriminated against shall operate to reduce the backpay otherwise allowable." Likewise, unemployment benefits should also be deducted from the backpay award. See *Association Against Discrimination in Employment, Inc. v. Weeks*, 454 F.Supp. 758 (D.Conn.1978). The record indicates that Smith has not reinstated plaintiff. Consequently his damages are not determinable at this time. Defendant Smith should reinstate plaintiff no later than April 28, 1980. Thereafter, the parties should meet to settle the amount of backpay to which plaintiff is entitled. If this issue cannot be resolved amicably, the Court will, of course, hold a hearing to resolve the amount of backpay owing.

■ It is the Court's considered opinion that plaintiff should contribute to a non-religious charity an amount equal to the union dues he would have owed had he continued to work at Smith during the relevant period. The non-religious charity must be one agreed upon by plaintiff and defendant Union. In attempting to settle damages, the parties should keep this holding in mind.

■ Turning to the attorneys' fee question, 42 U.S.C. § 2000e–5(k) provides:

In any action or proceeding under this title [42 USCS §§ 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

While the statute provides than an award of fees is discretionary, in all but the most unusual circumstances the prevailing party should be awarded attorneys' fees. *See Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Clanton v. Allied Chemical Corp.*, 416 F.Supp. 39 (E.D.Va.1976). There are no unusual circumstances present in this case and plaintiff will be awarded reasonable attorneys' fees.

■ Defendants suggest that the amount awarded should exclude fees for hours expended in plaintiff's pursuit of a request for a preliminary injunction which was not granted. In *Batiste v. Furnco Construction Corp.*, 503 F.2d 447, 451 (7th Cir. 1974), *cert. denied*, 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 399 (1975), the court held "the amount of the award [of attorneys' fees] should be proportionate to the extent that the party has prevailed in the suit." Since plaintiff prevailed in this lawsuit on his claim for discrimination, the merits of cause of action are established. Nevertheless the circumstances of the preliminary injunction proceedings indicates that plaintiff should be denied attorneys' fees incurred in pursuing that relief. The motion was denied and the action dismissed because plaintiff had not exhausted his administrative remedies before seeking relief here. This Court found that such exhaustion is a jurisdictional prerequisite to a suit under 42 U.S.C. § 2000e *et seq. See* 42 U.S.C. § 2000e–5(f)(1); *Nottelson v. A. O. Smith Corp.*, 397 F.Supp. 928 (E.D.Wis. 1975). Defendants should not have to bear the burden of plaintiff's attorneys' fees expended in seeking relief to which he is not entitled. Consequently, an award of attorneys' fees will be appropriately reduced.

Although plaintiff is entitled to attorneys' fees, the Court is not in a position to award a specific amount. As with backpay both defendants are equally liable for the fees. In order to alleviate further unnecessary hearings, the parties should attempt to resolve this issue by agreement. If they cannot, of course, the Court will have to resolve this issue. Absent an agreement, plaintiff should file a motion supported by affidavit requesting an award of a specific amount of attorneys' fees by May 15, 1980. Defendants have until May 30, 1980 to file a response. If necessary, a hearing will be held.

■ In resolving the pending issues, the Court notes that the defendant Union intends to litigate a grievance before the NLRB if Smith is reinstated. The Union claims that if plaintiff returns to his position with Smith, Smith will be in violation of its collective bargaining agreement with the Union. To permit the Union to file a grievance with the NLRB, in light of this Court's ruling, would result in a fundamental unfairness. Therefore, at the parties' request the Union is hereby precluded and enjoined from litigating this matter in any forum other than by appeal.

One final issue that must be resolved involves the question "Was plaintiff's refusal to give the equivalent of dues to the Union based upon a secular aversion to strikes rather than on a religious belief?" (Issue 9 of the issues submitted upon stipulation). The answer to this is an unequivocal "no." Nothing more need be said on this point.

Finally, the Court would note that it is entering judgment concurrent with the entry of this order. Any additional relief can be granted pursuant to the judgment.

Therefore, it is hereby ordered that defendants' motion for reconsideration on the merits must be and hereby is denied.

It is further ordered that defendants' attack on the constitutionality of 42 U.S.C. § 2000–e(j) as applied in this case be and hereby is denied.

It is further ordered that defendants are jointly liable to plaintiff for backpay and attorneys' fees as more fully set forth in this opinion.