Alexander SHAPOLIA, Plaintiff,

v.

**LOS ALAMOS NATIONAL LABORATORY and John Whetten, Defendants.**

**No. CIV 91–041 JC.**

United States District Court, D. New Mexico.

Sept. 26, 1991.

Alexander Shapolia, pro se.

Mark F. Sheridan, Campbell & Black, Santa Fe, N.M., for defendants.

### MEMORANDUM OPINION AND ORDER

CONWAY, District Judge.

This matter came on for consideration of the defendants' Motion to Dismiss, filed June 19, 1991. The Court has reviewed the defendants' memorandum in support of the motion and notes that the pro se plaintiff has failed to file a brief in opposition to the motion which, pursuant to Local Rule 7.8, constitutes a consent to deny or grant the motion. The Court has reviewed the plain-

tiff's Complaint and relevant authorities and finds that the Motion to Dismiss is well-taken in part and will be granted in part.

Plaintiff alleges that he was employed by Los Alamos National Laboratories [LANL] from February 1, 1976 until his termination on April 5, 1989. Plaintiff alleges that he received a "bad evaluation" from his supervisor because he does not share the supervisor's Mormon religious beliefs. He further claims that he initiated a grievance as to the poor performance evaluation and that it was unfairly decided by defendant Whetten, who is also a member of the Mormon church. In summary, Mr. Shapolia complains that his termination and other adverse employment decisions resulted from religious discrimination by the alleged Mormon management and hierarchy at LANL.

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inference must be indulged in favor of the plaintiff." *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Shoultz v. Monfort of Colorado Co., Inc.*, 754 F.2d 318, 321 (10th Cir.1985). Moreover, this pro se complaint has received the liberal interpretation required by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff asserts that the above-described allegations of religious discrimination violate 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. Insofar as the Complaint seeks relief under Section 1981, the Motion to Dismiss will be granted. "Section 1981 does not apply to sex or religious discrimination." *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir.1979); *see Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

Defendants argue that plaintiff also fails to state a claim under Title VII. Specifically, they contend that the plaintiff has failed to state a prima facie case of religious discrimination under Title VII because he has not alleged a "bona fide religious belief." The plaintiff states that he was discriminated against because he, as a "non-Mormon," does not share his supervisors' religious beliefs. This Court is unconvinced that such an allegation will not support a claim for religious discrimination.

"Title VII is a neutral provision which entitles every employee, believer or atheist, to a reasonable accommodation of his religious beliefs and practices." *Tooley v. Martin–Marietta Corp.*, 476 F.Supp. 1027, 1030 (D.Oregon 1979). Surely Title VII forbids requiring "religious conformity" in order to receive the fair and equal treatment by an employer. *See Young v. Southwestern Savings and Loan Assn.*, 509 F.2d 140 (5th Cir.1975) (atheist employee constructively discharged in violation of Title VII when forced as a condition of employment to attend religious services with which she did not agree). The exception to this general rule would be when employment is conditioned upon a certain religious affiliation because it is a bona fide occupational qualification. *See Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints v. Amos*, 483 U.S. 327, 107 S.Ct. 2862, 97 L.Ed.2d 273 (1987); *see also Kern v. Dynalectron Corp.*, 577 F.Supp. 1196 (N.D.Texas 1983), (conversion to Islamic faith found to be a bona fide occupational qualification where non-Muslim pilots risked beheading if found in Mecca).

Defendants have made no claims that adherence to the Mormon faith is a bona fide occupational qualification for employment by LANL. Therefore, the Court finds that the allegations of the Complaint can state a claim of employment discrimination based on religion under Title VII.

Wherefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion to Dismiss be, and hereby is, granted as to the claim for relief under 42 U.S.C. § 1981.

2.  That the Motion to Dismiss the claim for religious discrimination under Title VII be, and hereby is, denied.